UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL PAPER GRADING CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-224 |
| | ) | Judge Sharon Johnson Coleman |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION - AMTRAK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of a contamination dispute between plaintiff Continental Paper Grading Co. and defendant National Railroad Passenger Corporation – Amtrak. Plaintiff and defendant own neighboring facilities and plaintiff claims that defendant's facility leaked substances onto plaintiff's property. Plaintiff sued defendant under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and for trespass, private nuisance, and negligence. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendant's motion [12] is granted in part and denied in part.

I.  **Background**

The following allegations are taken as true for the purposes of this motion. Since 1976, defendant has owned a train servicing facility in Cook County, Illinois. Spills and releases of hazardous substances from this facility have contaminated plaintiff's property, which is surrounded on three sides by defendant's facility, and the Chicago River. One such spill occurred in January 2019, when a truck driver transporting fuel for defendant neglected to disconnect the hose from the truck and 2,800 gallons of diesel fuel spilled from the truck. Much of this fuel spilled onto plaintiff's property. Defendant recovered 900 gallons of fuel, leaving 1,900 gallons of fuel unaccounted for.

1

Defendant began limited remediation work, but did not complete it. Plaintiff incurred response costs to deal with the damage and believes that the value of its facility has decreased because of the spills. Plaintiff filed a six-count complaint against defendant for (1) cost recovery under CERCLA §107(a), (2) contribution under CERCLA §113(f), (3) declaratory judgment under CERCLA §113(g)(2), (4) trespass, (5) private nuisance, and (6) negligence. Defendant moves to dismiss all counts.

## II.     Legal Standard

When considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Formulaic" recitations of the elements of a cause of action are insufficient. *Id.* at 555.

## III.    Analysis

*CERCLA Claims*

To sufficiently plead a CERCLA claim, plaintiffs must allege (1) the site is a "facility" as defined by CERCLA; (2) the defendant is a "responsible person" for the spill as defined by CERCLA; (3) there was a release of hazardous substances; and (4) such release caused the plaintiff to incur response costs. *Env't Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 506 (7th Cir. 1992). Defendant argues that (1) plaintiff's CERCLA claims should be dismissed because they are barred by the petroleum exclusion; (2) plaintiff's CERCLA §113(f) contribution claim should be dismissed

because it cannot be asserted by the plaintiff; (3) there is no valid CERCLA claim for plaintiff to base its declaratory judgment claim on.

Defendant first challenges the third element of a CERCLA claim. Defendant claims that CERCLA excludes claims based on petroleum, known as the petroleum exclusion, and that petroleum does not qualify as a hazardous substance. Defendant further argues that plaintiff does not sufficiently allege a release of hazardous substances other than petroleum. Plaintiff's allegations of the existence of hazardous substances in above ground storage tanks, underground storage tanks, and underground pipelines at defendant's facility, combined with the allegations that some hazardous substances spilled onto plaintiff's facility and supported factually by at least one specific incidence of spillage (albeit a petroleum spillage), are sufficient. Plaintiffs do not specifically allege which contaminants impacted their facility, but defendant does not cite to any cases in this circuit holding that plaintiff is required to do so. Indeed, this district does not require plaintiffs to allege specific contaminants at the motion to dismiss stage. *See Midland Life Ins. Co. v. Regent Partners I Gen. P'ship*, No. 96 C 3235, 1996 WL 604038, at *4 (N.D. Ill. Oct. 17, 1996) (Marovich, J.). The applicability of the petroleum exclusion is best left for summary judgment after the parties have engaged in discovery to determine precisely which hazardous substances have impacted plaintiff's facility. Defendant's motion to dismiss all CERCLA claims based on the petroleum exclusion is denied.

The Court agrees with defendant, however, that plaintiff has not alleged that the January 2019 spill involved any non-petroleum substances, and that plaintiff did not argue differently in its opposition. Plaintiff's CERCLA argument exclusively focuses on contaminants separate from the January 2019 spill and plaintiff only cites to sections of its complaint that are unrelated to the January 2019 incident. Since plaintiff does not allege any hazardous substances other than

petroleum from the January 2019 spill, plaintiff's CERCLA claims related to the January 2019 spill are dismissed.

Next, defendant argues that the CERCLA §113(f) claim should be dismissed because plaintiff cannot properly assert it. Citing to *Cooper Industries, Inc. v. Aviall Services, Inc.* and *NCR Corp. v. George A. Whiting Paper Co.*, defendant argues that CERCLA contribution claims may only be asserted by parties that have been sued in a §107 case or have resolved CERCLA liability to a federal or state government. *See Cooper*, 543 U.S. 157, 165-66 (2004) (stating that "the natural meaning of [§113(f)] is that contribution may only be sought subject to the specified conditions, namely, 'during or following' a specified civil action"); *see also NCR*, 768 F.3d 682, 691 (7th Cir. 2004). Plaintiff ignores *Cooper* and *NCR* and instead cites to cases in other circuits. The Court finds *NCR* to be particularly conclusive in stating that §113(f) "is closed to a litigant without a preexisting or pending liability determination against it even if it wants to proceed by that route" and explains that this is because the right to contribution exists "only among joint tortfeasors liable for the same harm." *NCR*, 768 F.3d at 691. Plaintiff is not a joint tortfeasor. It has not alleged that it has been sued or held liable for the harm from defendant's release of hazardous substances. It cannot bring a contribution claim if there is nothing plaintiff itself must contribute to. Plaintiff's CERCLA §113(f) contribution claim is dismissed.

Finally, defendant argues that plaintiff's declaratory judgment claim must be dismissed because a CERCLA declaratory judgment claim cannot be brought if the plaintiff does not establish CERCLA liability. *See City of Colton v. Am. Promotional Events, Inc.*, 614 F.3d 998, 1008 (9th Cir. 2010). Since plaintiff's CERCLA §107(a) claim survives defendant's motion to dismiss, plaintiff's CERCLA declaratory judgment claim also survives.

*Tort Claims*

    a. Trespass

Trespass is the invasion of the exclusive possession and physical condition of land through an act that is either negligent or intentional. *See City of Evanston v. Northern Illinois Gas Company*, 229 F.Supp.3d 714, 727 (N.D. Ill. 2017) (Lee, J.). Defendant moves to dismiss plaintiff's trespass claim, arguing that plaintiff failed to allege facts demonstrating defendant's intentional or negligent conduct. In support, defendant wholly relies on a nonprecedential case. Plaintiff alleges specific facts surrounding the January 2019 incident, actions by defendant such as arbitrarily shutting down remediation systems and refusing investigation of contamination at plaintiff's facility, and a consent order stemming from defendant's releases of chemicals into the Chicago River, all of which support plaintiff's claim that defendant acted negligently or intentionally in allowing substances to enter plaintiff's land. *See* Cmpl. ¶¶ 7, 17, 26-28, 44-46. Further, an allegation that negligently leaked contaminants entered a person's property and interfered with that person's exclusive possession of that property is sufficient to survive a motion to dismiss. *See City of Evanston v. Texaco, Inc.*, 19 F.Supp.3d 817, 826-827 (N.D. Ill. 2014) (Feinerman, J.). With the above allegations, plaintiff's trespass claim survives.

      b. Private Nuisance

Like trespass, private nuisance is the substantial invasion of another's interest in the use and enjoyment of their land and occurs when the invasion is significant, either intentional or negligent, and unreasonable. *See Northern Illinois Gas Company*, 229 F.Supp.3d at 727. Defendant moves to dismiss the private nuisance claim on the same grounds as the trespass claim, asserting that it has not alleged facts demonstrating negligent or intentional conduct. The Court has rejected these contentions with respect to the trespass claim and again does so with the private nuisance claim.

      c. Negligence

Finally, negligence occurs when (1) defendant owes a duty of care to plaintiff; (2) there is a breach of that duty; and (3) plaintiff suffered an injury proximately caused by the breach. *See*

*Guvenoz v. Target Corp.*, 2015 Ill App (1st) 133940, ¶ 90, 30 N.E.3d 404, 422. Defendant argues that plaintiff fails to allege facts showing (1) defendant's failure to exercise ordinary care and diligence and (2) that defendant owed a duty to plaintiff. Defendant's first argument is rejected because the same facts that support defendant's negligent or intentional conduct as it pertains to trespass and private nuisance also support a failure to exercise ordinary care and diligence. A jury could reasonably infer that defendant's truck driver's failure to disconnect the fuel hose equates to defendant's failure to exercise ordinary care and diligence.

Defendant next argues that plaintiff has not alleged a duty. Plaintiff cites to *NutraSweet Co. v. X-L Eng'g Corp.* to show a duty not to contaminate the environment. 933 F. Supp. 1409 (N.D. Ill. 1996), *aff'd sub nom*, *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776 (7th Cir. 2000). The CERCLA case of *NutraSweet* involved the release of chemicals from one facility that polluted a neighboring facility in which the court held that the defendants owed a duty not to contaminate the environment. *Id*. The Seventh Circuit affirmed the decision. Defendant attempts to distinguish *NutraSweet* by arguing that the court only allowed the negligence claim after finding defendant violated CERCLA. This argument misstates the court's findings and ignores the procedural posture of this case. Plaintiff does not need to establish that defendant has violated CERCLA to defeat a motion to dismiss. Defendant's motion to dismiss plaintiff's negligence claim is denied.

## IV.    Conclusion

Defendant's motion to dismiss [12] is granted as it pertains to any CERCLA claims regarding the January 2019 spill and the CERCLA §113(f) contribution claim. The remainder of defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Date: 11/15/2021                                    Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge